**Henry A. HARMON Plaintiff-Appellant**

v.

**Jonathan J. WHITE, Corporal, Cummins Unit; Keith Day, Captain, Cummins Unit (originally named as K. Day) Defendants-Appellees**

1. The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recom-

**William Byers, Assistant Warden, Cummins Unit Defendant**

**Jared Byers, Assistant Warden, Cummins Unit Defendant-Appellee**

**No. 17-1566**

United States Court of Appeals, Eighth Circuit.

Submitted: October 5, 2017

Filed: October 25, 2017

Henry A. Harmon, Pro Se

Michael Cantrell, Assistant Attorney General, Attorney General's Office, Civil Litigation, Little Rock, AR, for Defendant-Appellee

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, Arkansas inmate Henry Harmon appeals after the district court [1] dismissed his lawsuit without prejudice for failure to exhaust administrative remedies.

Having carefully reviewed the record and the parties' arguments on appeal, we conclude that dismissal was appropriate. See 42 U.S.C. § 1997e(a) (under Prison Litigation Reform Act (PLRA), prisoner must exhaust available administrative remedies before bringing federal prison-conditions claim); King v. Iowa Dep't of Corr., 598 F.3d 1051, 1052 (2010) (reviewing de novo dismissal for failure to exhaust ad-

mendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.

ministrative remedies); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (noting that PLRA requires dismissal for failure to fully exhaust administrative process). Accordingly, we affirm. See 8th Cir. R. 47B.